OPINION
{¶ 1} Kevin Lee Thomas appeals from his conviction for one count of domestic violence in violation of R.C. 2919.25(D)(3), a fourth degree felony; one count of domestic violence in violation of R.C. 2919.25(A)(4), a third degree felony; and escape in violation of R.C. 2921.34(A)(1)(C)(2)(b), a third degree felony, pursuant to his guilty pleas. Thomas received a sentence of seventeen months on the first count, two years on the third degree domestic violence charge, and two years on the escape charges with all the sentences to be served concurrently.
 {¶ 2} Thomas' appointed counsel has filed an Anders brief in which he has identified as a possible arguable issue whether the trial court erred in sentencing Thomas to more than the minimum concurrent sentences without making the findings required by R.C. 2929.14, specifically that Thomas had previously served a prison term.
 {¶ 3} Revised Code Section 2929.14 states in pertinent part:
 {¶ 4} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 or 2907.05 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 5} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 6} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 7} Appellate counsel believes this argument no longer has merit because of the Supreme Court's recent holding in State v.Foster, 109 Ohio St.3d 1, wherein the Court held that R.C.2929.14(B) and (C) are capable of being severed and that after the severance, judicial fact finding is not required before a prison term can be imposed within the basic ranges of R.C.2929.14(A) based upon the jury verdict or admission by the defendant. (Syllabus 2.)
 {¶ 8} We agree that the trial court imposed more than the minimum sentences for the felonies which Thomas entered his guilty pleas. The minimum sentence for the third degree felonies was one year, Thomas received two years. The trial court imposed more than the minimum sentence upon Thomas because the court stated "the shortest term demeans the seriousness of the offenses and does not adequately protect the public or the spouse." It is evident that the trial court made this judicial fact-finding under R.C. 2929.14(B)(2) without the intervention of a jury in violation of State v. Foster, supra.
 {¶ 9} We find no other arguable merit to this appeal. Accordingly, we will Reverse the Judgment of the trial court and Remand this matter to the trial court for re-sentencing pursuant to the guidelines of the Foster opinion.
 . . . . . . . . . . .
Wolff, J., and Donovan, J., concur.